DEANE STEAM PUMP COMPANY, Respondent, v. GREEN & CLARK, Appellants.

| 31 | 269 |
| 77 | 679 |
| 31 | 269 |
| 158s | 73 |
| 31 | 269 |
| 89 | 5 |

St. Louis Court of Appeals, May 22, 1888.

1. PRACTICE—DEPOSITION—INSUFFICIENT AUTHENTICATION.—An objection to a deposition for insufficiency of authentication cannot be raised for the first time when it is offered at the trial, no motion to suppress having been previously filed.

2. EVIDENCE—AGENCY.—Proof of agency by the testimony of the agent is admissible, except in the case of a husband or wife testifying, one for the other, on the score of agency ; in which case the agency must be proved by other evidence.

3. COUNTER-CLAIM—INSTRUCTIONS.—A defendant cannot complain of an instruction to the effect that there is no evidence supporting his counter-claim, when in another instruction he is given the benefit of all that is shown in that connection, by a deduction to be made from the plaintiff's claim, provided the jury shall find the proofs sufficient therefor.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Affirmed.*

DAVIS & DAVIS, for the appellants : The respondent guaranteed that the pump would perform the work required as set forth in the order. Wharton on Agency, secs. 89, 158, 177, 415 ; *Mundorff v. Wickersham*, 63 Pa. St. 87. There was evidence to support the first and second items of defendant's counter-claim. Because the changes were made at the agent's request, within the scope of his employment and for plaintiff's benefit. 2 Greenl. on Evid. [10 Ed.] sec. 108 ; *Hill v. Packard*, 69 Me. 158.

MILLS & FLITCRAFT, for the respondent : The objections to the depositions were not specific. There had been no motion to suppress and no suggestion as to incomplete or insufficient authentication until after both parties had announced themselves ready and the

jury had been sworn and the first offer of evidence made. Supposing there had been a guaranty, the defendant could not assert a counter-claim for unliquidated damages on such guaranty in a suit originating before a justice of the peace. *Walker v. Lewandovska,* 15 Mo. App. 581 ; *Emery v. Railroad,* 77 Mo. 339.

PEERS, J., delivered the opinion of the court.

This action was commenced before a justice of the peace in the city of St. Louis on an account. The petition is in two counts ; the first being for repairs and alterations on a certain duplex pump, and the second for the agreed purchase price of a number four piston pump ; the entire demand being for ·$212.12. The defendants filed a setoff containing several items for money paid, laid out and expended, all growing out of the same transaction. The justice dismissed the counter-claim, and rendered judgment for the plaintiff for the full amount of its claim. The defendants thereupon appealed to the circuit court, where, upon a trial before a jury, a verdict and judgment was rendered for the plaintiff, and the defendants again appeal and bring the case here.

The trial court is complained of for: (1) Admitting illegal testimony offered by respondent ; (2) rejecting legal testimony offered by appellants, and (3) refusing to give proper and legal instructions offered by appellants.

Now as to the testimony. Plaintiff offered to read the deposition of Bellows and Aubrey, to which the defendants objected on account of insufficiency of authentication ; this objection the court overruled on the ground that no written motion to suppress had been filed. In this ruling the court committed no error. No suggestion as to incomplete or insufficient authentication had been made until after both parties had announced themselves ready for trial and the jury had been sworn, and the first offer of evidence made. The objection came too late. "A party cannot lie by

until his adversary has announced himself ready for trial, and for the first time, when he offers to read his depositions, object to them on account of some alleged informality in the taking or authentication thereof." *Holman v. Bachus*, 73 Mo. 49.

We see no force in the objection made to the answer of the witness Dudley that "he was the agent of the plaintiff." The rule invoked by the defendants only applies in a case where the wife or husband desires to testify for each other on the score of agency. Then the rule is, as laid down by the trial court, that inasmuch as the witness would not be competent without showing the agency, the agency must be shown by some testimony other than that of the witness. The objection was properly overruled.

The defendants complain that the court erred in instructing the jury that there was no evidence supporting the three items of defendants' counter-claim.

Assuming that the testimony tended to show that the pumps were sold with a guarantee to give satisfaction, yet the ruling of the court was proper because the three items set up as a counter-claim, are not proper items of the defendants' damages for breach of such a contract. The court, at defendants' instance, did instruct the jury that if the plaintiff guaranteed the pumps, and they did not comply with the guarantee, they could not recover for expenses of alteration and repair herein sued for, if such alterations and repairs were necessary to bring the pumps to the guaranteed standard. Thus the defendants got the benefit of all their evidence, substantiating a claim of guarantee and its breach, and as the finding of the jury was against them on that claim, they have no cause to complain.

Other instructions given on behalf of the plaintiff and defendants put the residue of the issues before the jury as favorably as the defendants had any right to demand under the evidence.

There being no error in the record, the judgment is affirmed. All concur.