OSCAR ABBOTT, Respondent, v. MARION MINING COMPANY, Appellant.

Kansas City Court of Appeals, May 8, 1905.

1. **DEPOSITIONS: Late Motion to Suppress.** A motion to suppress a deposition comes too late when the cause is called for trial.

2. **MINES AND MINING: Negligent Pleading: Timbering: Inspection.** A petition is criticised as failing to state its complaint with desirable certainty and clearness, and the issues made by the plaintiff's instructions are accepted as defining the negligence contemplated, to-wit, that defendant should have timbered its mine or else inspected it.

Abbott v. Mining Co.

3. ——: ——: **Knowledge: Time to Repair: Instruction.** Where knowledge of a situation is relied upon to show culpability it must be shown to be prior knowledge with time to remove the danger, and an instruction making a mineowner culpable if he knew of the dangerous roof at the time of the accident or prior thereto, is erroneous.

4. ——: ——: **Timbering: Instruction.** An instruction assuming negligence in not timbering a mine when there was evidence tending to show that timbering was impracticable is erroneous, since the practicability of the timbering should have been submitted to the jury.

5. ——: ——: **Contributory Negligence: Instruction.** Where plaintff submits but one instruction on the merits it should contain the hypothesis of contributory negligence.

6. ——: ——: **Trimming Mine: Instruction.** An instruction submitting the hypothesis of trimming the mine was improperly refused.

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds,* Judge.

REVERSED AND REMANDED.

*Thomas & Hackney* for appellant.

(1) The court erred in overruling the defendant's motion to suppress the deposition of Dr. S. C. Price. Depositions must be reduced to writing in the presence of the officer taking them. R. S. 1899, sec. 2898; 9 Am. & Eng. Ency. Law (2 Ed.), 335; 6 Am. & Eng. Ency. Pl. & Pr., 527. (2) The motion to suppress the deposition of Dr. Price was filed before the case was called for trial and before any announcement in the case. There was no rule of court requiring the motion to suppress to be filed at any particular time. The defendant, therefore, had the right under the law to file its motion to suppress the deposition at any time prior to the trial of the case. (3) The court erred in giving instruction numbered one for plaintiff. (4) The testimony was conflicting as to whether the mine could have been timbered over the stope at the

point where the plaintiff was injured. The court therefore erred in declaring as a matter of law, as it did in the first instruction for plaintiff, that the defendant was liable if it failed to timber the mine. Plaintiff's case was not based on section 8822, R. S. 1899, requiring the mineowner to furnish props and timbers under certain circumstances. (5) The first instruction made the dedefendant liable for knowledge of what it might have learned with the exercise of ordinary care touching the danger of the falling rock at the very instant that it fell. Before liability can attach in a case of this kind, the employer must not only have actual or constructive knowledge of the defect or danger but must also have an opportunity to repair or remedy the defect or to warn the servant of the danger. Pavey v. Railroad, 85 Mo. App. 218; Kelley v. Railroad, 105 Mo. App. 376. (6) It was error to instruct the jury that if the defendant negligently failed to timber the drift or negligently failed to trim the roof and plaintiff was injured, he could recover. The defendant was not bound to do both. This error was not cured by any other instruction given. Henschen v. O'Bannon, 56 Mo. 289; Stevenson v. Hancock, 72 Mo. 612; Price v. Railroad, 77 Mo. 508; Ebers v. Shumaker, 57 Mo. App. 454; State v. Herrell, 97 Mo. 105; State v. Cable, 117 Mo. 380; Thummel v. Dukes, 82 Mo. App. 53; Bluedoen v. Railroad, 108 Mo. 439; Goetz v. Railroad, 50 Mo. 472. (7) The court erred in refusing instruction (b) asked by the defendant. Bradley v. Railway, 138 Mo. l. c. 302; Muirhead v. Railroad, 19 Mo. App. 644.

*Cole, Burnett & Moore* and *H. S. Miller* for respondent.

(1) The trial court was right in refusing to suppress the deposition of Dr. S. C. Price on the ground, if for no other reason that the motion to suppress had not been filed in time. 13 Cyc. 973; Harris v. Miller, 30 Ala. 221; Hughes v. Humphreys, 102 Ill. App. 194; New-

ton v. Porter, 69 N. Y. 133, 25 Am. Rep. 152; Bibb v. Allen, 149 U. S. 488-9; Holman v. Bachus, 73 Mo., 51; Pump Co. v. Green, 31 Mo. App. 270; Hoyberg v. Henske, 153 Mo. 72; Grain Co. v. Brubaker, 89 Mo. App. 5; Delventhal v. Jones, 53 Mo. 462. (2) The court was right in giving instruction numbered 1 for plaintiff. There is no testimony here showing any contributory negligence on the part of plaintiff. From the place at which plaintiff was working at the time he was injured he could not see the roof. It was no part of his duty to examine, inspect or trim the roof. Hughes v. Railway, 127 Mo. l. c. 453, (3) There was testimony tending to show that the mine could have been made reasonably safe by timbering. The testimony showed that timbering was one of the ways of making such a mine reasonably safe. The testimony showed that the roof in the mine was loose, bouldery ground, just the kind of ground that requires timbering. Dowell v. Guthrie, 116 Mo. 646; Gratiot v. Ry., 116 Mo. 450; Doyle v. Trust Co., 140 Mo. 15; Lynch v. Ry. 112 Mo. 420. (4) The court was right in declaring as a matter of law, in the first instruction, that knowledge or notice to the defendant's superintendent, ground boss or foreman, was knowledge or notice to the defendant. Hall v. Water Co., 48 Mo. App. 356. Bowerman v. Min. Co., 98 Mo. 317; Claybaugh v. Railway, 56 Mo. App. 630. (5) The first instruction did not make the defendant liable for the knowledge that came to it, or might have come to it, at the very instant that the rock fell, said instruction required the jury to find that the unsafe and dangerous condition of the mine was known to the defendant, or could have been known to the defendant at and prior to said injury. (6) The court was right in refusing instruction b asked by defendant. It ignored the element of ordinary care, and it required the jury to find for the defendant, notwithstanding defendant might have known, or by the use of ordinary care could have known that the rock which fell and struck plaintiff was likely to fall, or that it was loose, or in a dangerous condition.

· ELLISON, J.—The plaintiff was a laborer in defendant's mine in Jasper county and received the personal injury for which he sues by a rock falling upon him from the roof of the mine. He recovered judgment in the trial court.

Plaintiff had the deposition of one of his witnesses taken by a notary public and it was read at the trial over defendant's objection. The ground of the objection was that the witness' testimony was taken down by a stenographer during the absence of the notary and that no stipulation for such irregularity was asked or given. It appeared that defendant's attorney was present during the examination of the witness but took no part therein. The deposition was filed in court on the first day of the session, but the motion to suppress was not made until the case was called for trial, several days afterwards. The trial court overruled defendant's motion and assigned as ground therefor defendant's neglect to make his objection earlier. In this, the court did not err, although there was no rule of court prescribing when motions to suppress should be filed. In fairness to plaintiff, the motion should have been made sooner: since plaintiff might then have been able to have procured the attendance of the witness; or, at least, could have asked that the cause be continued and thus have avoided the trouble and expense of preparing for trial. "If the deposition was in any respect open to irregularities, the motion to suppress it, under the circumstances, came too late. Such motion should be made before the case is called for trial, so as to afford opportunities to retake the testimony or correct defects in the taking of the deposition." [Bibb v. Allen, 149 U. S. 481, 1. c. 488-9; Howard v. Stillwell, 139 U. S. 199.] And so the Supreme Court of this State has discountenanced unwarranted delay in making such motions. [Hoyberg v. Henske, 153 Mo. 72; Holman v. Bachus, 73 Mo. 51.]

It appears that plaintiff was engaged in working defendant's mine on the stope, throwing the dirt down to

a platform where it could be taken away or disposed of by others. This work was called "brunoing" by the miners and plaintiff was known as one of the "bruno" men. While so engaged a rock fell upon him from the roof.

The petition does not state the cause of complaint against defendant with desirable certainty and clearness. It charges that it was the duty of defendant to timber the mine so as to prevent rocks from falling. It then charges that defendant negligently failed to timber the mine and permitted the roof to become dangerous by allowing large stones to hang loosely from it; "that by reason of the carelessness and negligence of the defendant in failing to timber and support the sides and the roof of the drifts in the mine it was unsafe and dangerous." The petition then charges that defendant negligently failed to inspect and trim the roof so as to remove loose dirt and stones and thereby protect the men engaged in work. While the petition charges a duty on defendant to timber the mine, and that such duty was negligently omitted, and that by reason thereof the mine became unsafe, it does not charge a duty to inspect and trim nor does it charge that the failure to inspect caused the injury.

But plaintiff's chief instruction fixes upon either of these omissions of defendant as negligence in the absence of performance of the other. That is, that defendant should have timbered the mine, or else it should have inspected and trimmed it. We will, therefore, accept the issues as thus tendered by plaintiff. The petition then further charged and tendered as an issue, that the defendant either knew of the dangerous condition of the mine, or might have known it by the use of ordinary care and diligence. In order to give the latter allegation any practical effect we must assume that it impliedly embraces the charge that defendant knew, or might have known, the dangerous condition for such reasonable length of time as would have been sufficient to have removed or relieved the dangerous condition. When

knowledge of a certain situation is relied upon as showing culpability, it must be shown to be prior knowledge. Mere knowledge of a dangerous situation, without more, will not show culpability. There must be time to remove or relieve the danger. The instruction, however, makes the defendant culpable if it knew of the dangerous roof either at the time of the accident, or prior thereto. It was erroneous.

As the case will be retried we will state further objections to the instruction. It assumed that it was negligence in defendant not to timber the mine, when there was evidence tending to show that at the place where plaintiff was at work it was not practical to do so. It should have contained some expression which would permit the jury to say whether it should have been timbered at that place. The action is not based on the statute requiring mineowners to furnish timbers and the question whether the mine could have been rendered safe and the injury avoided by the use of timbers must be determined without regard to that statute.

Again, since there was but the one instruction for the plaintiff on the merits of the controversy, the hypothesis of plaintiff's being guilty of contributory negligence should have been embodied in the instruction. It was not cured by those given for defendant. As the case stands in the record, that phase of it nowhere appears. Its omission in an instruction in Hughes v. Railway, 127 Mo. 447, was excused from the fact that it was presented in other instructions. In Sullivan v. Railway, 88 Mo. 169, the majority opinion held that, where an instruction directed a verdict for plaintiff without including a reference to the issue of contributory negligence it was reversible error, even though other instructions presented that phase of the case. That case was overruled on that point; it being afterwards held that the instructions should be taken, construed and interpreted as a whole; and that if other instructions presented the hypothesis omitted from the instruction complained of, it cured the

error. [Owens v. Railway, 95 Mo. 169.] And so it has been ruled that an instruction directing a verdict for a plaintiff which wholly ignores contributory negligence of the defendant, is error (Hill v. Drug Co., 140 Mo. 433) unless, of course, that issue is presented in other instructions.

We are also of the opinion that it was prejudicial error to refuse defendant's instruction "b", wherein it was submitted that if defendant trimmed the roof after "firing the last shot therein prior to plaintiff's injury," and that trimming the roof after each shot was fired was the method adopted by defendant to protect its employees, and that to so trim it made the roof at that point reasonably safe, as defined in other instructions, and that defendant had no knowledge that the rock was likely to fall, or that it was loose or in a dangerous condition, the verdict should be for defendant. If the facts are believed to be as thus submitted, certainly there was no culpable negligence on defendant's part.

The judgment is reversed and cause remanded. All concur.