# L. C. DODGE, Respondent, v. MANUFACTURERS COAL & COKE COMPANY, Appellant.

**Kansas City Court of Appeals, December 4, 1905, and January 8, 1906.**

1. **MASTER AND SERVANT: Petition: Time to Repair: Late Objection.** The petition under judgment implies that the alleged defect in the roof of a coal mine and the operator's knowledge thereof, both existed long enough to have repaired the defect in the use of ordinary care; and where an objection as to formal matters is not raised by demurrer or motion or to the introduction of evidence, the objection comes too late after verdict, since all matters necessarily implied from those expressly stated will be presumed to have been proven and all formal defects are waived by pleading to the merits.

2. ————: **Place of Work: Contributory Negligence: Knowledge of Danger.** Knowledge of the extent and character of danger and knowledge of a defect in which danger lurks, the imminence of which may be discovered by the reasonable use of opportunity afforded to servants, are distinct things. In the first case the servant is not justified in relying upon the master's assurance. In the other case he may repose confidence in the superior knowledge of his master and rely upon him for protection; and a master can not enhance the natural risk of the employment, and the servant has the right to assume that he will perform his duty.

3. ————: ————: ————: **Evidence: Jury.** On the evidence the question of contributory negligence was for the jury.

4. ————: ————: ————: ————: ————. And the conduct of a servant in sitting down during a necessary pause in his work cannot defeat his right to go to the jury on his contributory negligence.

Appeal from Schuyler Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*Campbell & Ellison* for appellant.

(1) The allegation is that the defendant "knew or ought to have known" of the defect, but we ask the

question when it ought to have known of such defect? Was it the day before or the minute before the accident? Unless the allegation is that the defect complained of had existed for a sufficient length of time so that knowledge thereof is imputable to the defendant, or that defendant actually knew of the defect in time to have remedied it and prevented the injury, there is no cause of action stated. Nixon v. Railroad, 141 Mo. 425; Doherty v. Kansas City, 105 Mo. App. 173; Ball v. Neosho, 109 Mo. App. 692; Abbott v. Min. Co., 11 Mo. App. 550. (2) The plaintiff admitted, while a witness, that the rock which fell and injured him was sagged at one end, so that he could put his fingers and had put his fingers between the rock and the roof proper. That he was engaged in work at the time, and that he voluntarily sat down beneath that rock to rest. He also stated that he believed the rock to be dangerous. His statement that he believed it to be dangerous is but another way of saying that he knew it to be dangerous. This instruction wholly ignores the theory of the case as made by the petition, and the plaintiff's evidence. The plaintiff admits he believed the place where he was working to be dangerous. Although the jury may have found that the place where the plaintiff was injured was so glaringly dangerous that an ordinarily prudent person would not have worked there, and also found plaintiff received no assurance of safety, yet under the instruction it would have been their duty to have found for the plaintiff, if they found the other facts stated to exist. Bank v. Metcalf, 29 Mo. App. 384-395; Fisk v. Phelps, 30 Mo. App. 431; Land Co. v. Co., 87 Mo. App. 167; Evers v. Shumaker, 57 Mo. App. 454.

*Higbee & Mills* for respondent.

(1) The case went to trial without demurrer or objection to the sufficiency of the petition. Defendant expressly proved in the examination in chief of Albert

Evans, its foreman and principal witness, that he learned of the dangerous condition of the roof the day before the accident and sent two employees to pull it down. The foreman testified he examined it at once. Plaintiff had proven, without objection, that Evans had been repeatedly told of this two or three days previously. ''Defendant's counsel throughout the trial construed the petition as sufficiently tendering the issue of negligence.'' Covey v. Railroad, 27 Mo. App. 177; Hilz v. Railway, 101 Mo. 41; Stalzer v. Packing Co., 84 Mo. App. 573; Lumber Co. v. Calhoun, 88 Mo. App. 209; Johnson-Brinkman Co. v. Bank, 116 Mo. 569. (2) The petition charges that defendant negligently and carelessly failed to remedy the defect, and that its pit boss negligently and carelessly assured plaintiff there was no danger, and directed him to work in the entry, and that plaintiff relied upon this assurance. It states a good cause of action. Covey v. Railway, 27 Mo. App. 176. (3) Plaintiff had the right "to look to his employer for the observance of all reasonable precautions, and his continuance in the service when such precautions have not been observed is rather to be attributed to confidence reposed in those to whose superior judgment he yields." The danger was not so patent as to charge plaintiff with contributory negligence in not leaving his work in order to avoid it. Bradley v. Railway, 138 Mo. 297; Adams v. Coal Co., 85 Mo. App. 493; Shortel v. St. Joseph, 104 Mo. 114; Connolly v. Printing Co., 166 Mo. 464; Hamilton v. Mining Co., 108 Mo. 364; Carter v. Baldwin, 107 Mo. App.217. Sullivan v. Railway, 107 Mo. 66, approved in Bane v. Irwin, 172 Mo. 306. (4) It was defendant's duty to furnish plaintiff a safe place in which to work. Irmer v. Brewing Co., 69 Mo. App. 24; Hamman v. Coal Co., 156 Mo. 243; Doyle v. Trust Co., 140 Mo. 15. (5) The instructions given by the court for plaintiff follow approved precedents, and properly declare the law. This seems to be conceded by appellant. See instruc-

tions in Doyle v. Trust Company, 140 Mo. 1; Bradley v. Railway Company, 138 Mo. 293; Hamman v. Coal Company, 156 Mo. 232. (6) It is claimed instruction 2, ignores the theory of the petition. The instruction is a sufficient answer to this contention. There is no suggestion that the instructions are not warranted by the evidence. Hughes v. Railroad, 127 Mo. 447; Abbott v. Mining Co., 87 S. W. 110; Croco v. Railroad Company, 44 L. R. A. 285.

JOHNSON, J.—This is an action to recover damages for personal injuries alleged to have been sustained in consequence of the negligence of defendant. The answer was a general denial and plea of contributory negligence. Plaintiff had judgment in the sum of one thousand dollars and defendant appealed.

At the time of injury, February 26, 1903, defendant was and had been engaged in the business of mining for coal. Plaintiff, a miner, was employed by defendant and was at work in an entry that horizontally penetrated a hill from its side. This entry was some two hundred yards long and about eight feet wide. Its roof at the place in question was of slate and was not artificially supported. Several days before the injury, plaintiff states he noticed that the slate overhanging the place where he was ordered by defendant to work was cracked and appeared to him to be unsafe. He called the attention of the foreman to its condition and, in the forenoon of the day preceding the injury, had a conversation with the foreman as follows: "I told him I would like to have it taken down there. I was afraid to work under it. He said; 'You are terribly afraid of getting hurt that you couldn't sledge it down.' He said; 'It wouldn't hurt you if it did fall.' I said; 'I will take it down if you will allow me for it.' He said; 'I have got day men that will attend to that when it is necessary.' . . I apprehended danger there. I notified him that it was

dangerous. I thought it was dangerous. I believed it was not safe, but the pit boss told me it was and I supposed it was safe." Other witnesses testified that the foreman was notified by plaintiff and by other miners at work there of the condition of the roof and answered in effect that it was safe for the present and that he would have the loose slate removed when it became necessary. The foreman, when on the stand, admitted that a miner—not the plaintiff—called his attention in the forenoon of the day before the injury to the condition of the roof and stated that although he thought it was safe, he ordered workmen to take the loose material down and that no report was made by them of their compliance with his order. In the afternoon of the day following that on which the foreman said he ordered the slate removed, plaintiff resumed the task assigned him of "lifting bottom," that is, taking clay out of the entry. He was compelled to stop work for a moment or two until other workmen could remove a car of coal out of the way and sat down to rest. In half a minute thereafter, a section of the roof above him, some twenty-five feet long and three or four inches thick,. fell upon and injured him. It was the portion of the roof about which plaintiff and the other men had complained and nothing had been done in the way of removing it. While plaintiff thought it was unsafe, he says he relied upon the superior judgment of the foreman and thought, after his attention had been called to it, he would have it removed in proper time. In other words, the plaintiff, the other miners, and the foreman all considered it in some degree dangerous, but not imminently so. That it could have been removed in the time that elapsed after the foreman admits having received notice of the defect, is apparent from all the evidence.

The first error assigned is directed to the sufficiency of the petition. The defect claimed is the absence of any averment charging the existence of an unsafe condition

of the roof for a sufficient time before the injury to have enabled defendant, in the exercise of ordinary care, to have made it safe. The allegations criticised are as follows: "That said Evans (the foreman) being so in charge of the work and having supervision of defendant's said mine, and the working thereof, negligently and carelessly ordered and directed plaintiff to work in a certain entry of said mine; that the roof of said entry was in a dangerous and unsafe condition; that in the place where defendant was ordered and so directed to work there was a large mass of slate and dirt overhanging in the roof thereof that was liable to fall, as defendant and said pit boss well knew, or by the exercise of reasonable diligence would have known, and that should have been removed before sending plaintiff to work in said entry, but notwithstanding the dangerous condition of the roof of said entry as aforesaid, the said defendant negligently and carelessly failed to remove the said slate and dirt from the roof of said entry and defendant's pit boss negligently and carelessly ordered and directed plaintiff to work under the roof of said entry as aforesaid, where the same was in a dangerous condition, and assured plaintiff there was no danger in working there," etc. Defendant did not attack the sufficiency of the petition, either by demurrer or motion, nor object to the introduction of evidence thereunder, nor to the admission of specific evidence relating to the length of time the defect existed, and so far as the record discloses, the point now pressed is raised here for the first time and comes too late to avail anything to defendant.

In the case of Hurst v. Ash Grove, 96 Mo. 168, the Supreme Court, with the same question before it, followed the rule that "if a material matter be not expressly averred in the pleadings, but is necessarily implied from what is expressly stated therein, the defect is cured by verdict in favor of the party so pleading, on the pre-

sumption that he has proved on the trial the facts insufficiently averred, and, if the defendant in such cases pleads to the merits, he thereby waives objections to mere formal defects and will not be heard on the trial to object that the petition does not state a cause of action. Such an objection can only be interposed at the trial where the petition fails altogether to state any cause of action, and not to the case where a cause of action is defectively stated." [Bowie v. Kansas City, 51 Mo. 454; Grove v. City of Kansas, 75 Mo. 675; Elfrank v. Seiler, 54 Mo. 134; Ball v. Neosho, 109 Mo. App. 683, and cases cited.]

The allegations of negligence before us very strongly state by inference that the defect and defendant's knowledge thereof both existed for a time sufficient for defendant to have made the place safe, had it observed ordinary care. By pleading to the merits, defendant waived its right to take advantage of the absence of a direct averment. The petition is sufficient. Nothing we have said is inconsistent with our holding in the case of Abbott v. Mining Co., 112 Mo. App. 550, 87 S. W. 110. In that case, as here, we refused to condemn the petition, but held that it was error for the court, in the instructions given, to permit the jury to find the defendant culpable if it knew of the danger at the time of injury without requiring the finding that defendant had prior knowledge of the danger in time to have remedied or relieved it. That principle is undeniably sound, for, as negligence is a breach of duty, one, upon whom a duty is imposed, cannot be said to have been guilty of a breach thereof until he has been afforded a reasonable opportunity to perform it.

Defendant further contends that its demurrer to the evidence should have been given because plaintiff was guilty in law of contributory negligence. If it can be said that plaintiff knew, or, considering the circumstances of his position, could have known, had he used

reasonable care, of the extent of the danger before him, then, in view of the fact that it was imminent, as the happening shows, he cannot recover. But there is a vital difference between knowledge of the extent and character of a danger and knowledge of the existence of a defect in which lurks a danger, the extent or imminence of which is not discoverable to the servant by the reasonable use of the opportunities afforded him in his situation. [Doyle v. Trust Co., 140 Mo. 1. c. 19.] In the one case, the servant is not justified in relying upon the assurance, express or implied, of his master, or anyone else; while, in the other, he may repose confidence in the superior judgment of his master and rely upon him to safeguard the place in which he is compelled to work. It is the duty of the master not to enhance by his own negligent acts of omission or commission the natural risks of the employment, and the servant has the right to assume that the master will perform his duty and will remedy defects, that arise during his employment, before their inherent danger becomes so threatening and imminent as to imperil his immediate safety. It is only when it becomes apparent to any reasonable man that the master has failed in his duty and that the safety of the servant is imminently endangered that the law requires him to refuse to work in the dangerous place, if he would be held blameless. [Doyle v. Trust Co., supra; Bradley v. Railway, 138 Mo. 293; Hamman v. Coal Co., 156 Mo. 232; Shore v. Bridge Co., 110 Mo. App. 278, 86 S. W. 905; Curtis v. McNair, 173 Mo. 280; Cole v. Transit Co., 183 Mo. 81, 81 S. W. 1138; Smith v. Coal Co., 75 Mo. App. 177; Blundell v. Elevator Co., 189 Mo. 552, 88 S. W. 103; Mathias v. Stock Yards Co., 185 Mo. 434, 84 S. W. 66.]

In the present application of these principles, we think the question of the degree of care observed by plaintiff was one of fact for the determination of the jury. According to the evidence of plaintiff, he knew of

the defect and knew that it increased the danger of the place, in which he was required to work, but he did not know the extent of the danger, nor did his duties permit him to make the investigation necessary to the ascertainment of that fact. He communicated his fears to the master and requested permission to remedy the defect. This was denied him and the master assured him that the place was safe at that time, and that he would not permit the defect to reach a condition that would menace his safety. The physical conditions observable by plaintiff did not appear to discredit the master's judgment. Under these circumstances and with this direct assurance, plaintiff cannot be held, in law, to have voluntarily entered into danger that threatened him with immediate harm.

Nor is there any merit in the suggestion that plaintiff was negligent in sitting down under the defective roof. It was necessary for him to pause momentarily in his work until a car could be moved out of the way. He was working under this portion of the roof and, if he knew or should have known that its fall was so imminent as to make it a requirement of ordinary prudence for him to rush from under it during his brief respite, then it was negligence for him to be there at all, whether working or resting; and, on the other hand, if he was justified in believing that the danger was remote and that he could for the present safely work in the place assigned him, there was no occasion prompting an ordinarily prudent person to avoid the place during a short interval in the work. This fact, therefore, is immaterial to the question of the degree of care exercised by plaintiff. The demurrer to the evidence was properly overruled.

Some criticisms are made of the instructions given for the plaintiff, but, considering them as a whole, we think the instructions fairly presented the case to the jury under the views expressed and without enlargement

of the cause of action stated in the petition. The judgment is affirmed. All concur.

