HOLMAN et al., *Appellants*, v. BACHUS.

1. **Wife, when not a Competent Witness.** The wife is not a competent witness to prove what was said by another in conversation with her husband, nor to prove any act done by the other in connection with such conversation and which might be explained by the conversation.

2. **Depositions:** PRACTICE. It is too late after the trial has commenced to object to depositions on the ground that they were taken without notice. That objection should be made before trial by motion to suppress.

*Appeal from Maries Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*H. C. Ewing* and *A. M. Hough* for appellants.

*Belch & Silver* and *Parker* for respondent.

HENRY, J.—This is an action on a note executed by one Hawkins and defendant, payable to plaintiffs' testator, and the only defense, which there was any attempt to prove, was payment. The trial resulted in a judgment for defendant, from which plaintiffs have appealed. Defendant introduced as a witness Mrs. Jones, formerly wife of Hawkins, deceased, one of the makers of the note, who testified that Lazarus Holman came to their house in 1867 or 1868 and staid all night; that he made a calculation of the amount due on the note in suit, which he had not with him, and said to her husband, that there was about $50 balance due on the note; that he was in need of that amount, and if it were more than was due, he would refund it; that her husband paid him $50, and Holman was to send him the note when he returned home. Plaintiffs objected to Mrs. Jones as a witness, on the ground of incompetency, but the court overruled the objection, and this ruling presents the principal question in the case.

By the common law, persons interested in the result

4—73

of a suit, whether parties or not, were not competent wit-

**1. WIFE, WHEN NOT A COMPETENT WIT-NESS.** nesses in the cause. Nor could husband and wife testify for or against each other in a cause in which either or both were parties. Here, by our statute, interest in the event of a suit no longer disqualifies; (§ 4010, R. S. 1879;) and section 4014 specifies the cases in which a wife may testify in a suit for or against her husband, whether she be a party or not. The statute, being in derogation of common law, must be strictly construed. After enumerating the cases in which the wife may testify, it provides: " That nothing in this section shall be construed to authorize or permit any married woman, while the relation exists, or subsequently, to testify to any admission or conversations of her husband, whether made to her or to third parties." The proviso is clumsily constructed. The words, "or conversations" seem to have been inserted as an amendment to the proviso without the addition of necessary words to complete the sentence. As it now stands, she cannot testify to admissions of her husband, made to any one—which is unambiguous; but she is not permitted to testify to conversations of her husband to herself, or to third parties, whether such conversations contained admissions by him or not, and although what was said by the other party to the conversation should consist of declarations or admissions entirely in the husband's favor. If by the section, the only object was to prohibit the wife from testifying to admissions of the husband, whether made in conversations or otherwise, that purpose was fully accomplished without the words " or conversations," and we are, therefore, to give to the section an additional import to that which the other words of the proviso would have conveyed without them. It will not do to say that the wife may testify to what was said to her husband, but not to what he said in the conversation. It is not to be supposed that the legislature intended, that the party calling the wife as a witness should be entitled to have detached portions of the conversation, and to deny to the

other side the right to call for the entire conversation, which might give a different phase to its detached fragments. Inasmuch as when one party calls for a part, the other party is entitled to the whole conversation, we can place no other construction upon the proviso, than that the wife cannot testify to any conversation, or part of an entire conversation of her husband with her or any one else. It is evident from the testimony of Mrs. Jones that there was a conversation between Holman and her husband, of which she detailed only what was said by Holman.

When any one is offered as a witness on the trial of a cause, and objections to his or her competency are made, the first question to be determined is, whether the witness was incompetent at common law. If so, then, in order to testify under sections 4010 and 4014, the witness must stand within its express provisions, in relation to the matters to which he is called as a witness. Mrs. Jones was not a competent witness. Even if competent to testify to the single act of payment of a sum of money to her husband, accompanied with no conversation, which we do not determine, here that act was connected with a conversation respecting it, and as the statute expressly prohibits her from testifying to that conversation, she cannot, on general principles, testify to the act which that conversation might explain, and attach a significance to, very different from its import without such explanation; otherwise gross injustice might be done the other party by permitting the act to be proved, and excluding the conversation in relation to the act. The cases of *Moore v. Moore*, 51 Mo. 118, and *Willis v. Gammill*, 67 Mo. 730, are in accord with these views.

The objection to the depositions came too late. A motion to suppress, before going into the trial, was the proper

2. DEPOSITIONS: practice. course, if they were taken without notice. A party cannot lie by until his adversary has announced himself ready for trial, and for the first time, when he offers to read his depositions, object to them on

account of some alleged informality in the taking or authentication thereof. The judgment is reversed and the cause remanded. All concur.