Bell v. Jamison.

BELL v. JAMISON, *Appellant.*

1. **Practice in Supreme Court:** EVIDENCE IN REBUTTAL. The objection that evidence was improperly admitted in rebuttal will not be reviewed in the supreme court unless it is manifest the party complaining was injured on the merits.

2. **Deed:** PAROL EVIDENCE. Parol evidence is incompetent to change the metes and bounds of land as described in a deed.

3. **Practice:** DEPOSITION: DEFECTIVE NOTICE. An objection to a deposition, because of defective notice of taking same, comes too late after the parties have gone to trial.

4. ———: ———: JUDICIAL NOTICE. Where the witness in a deposition offered to be read at a trial in Lincoln county states that his home was at "Camden Point, Missouri," the court will take judicial notice that such place is not in Lincoln county.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Martin & Avery* for appellant.

(1) The objection to the evidence of Guyon Wilson should have been sustained. It was not in rebuttal. *Rankin v. Rankin,* 61 Mo. 295; *Christie v. Craig,* 80 Mo. 367. (2) The court should have required the defendant to answer on cross-examination the question whether he bought the land by the acre from McGee.

*Brown v. Banks*, 2 Mo. 191 ; *Kuntz v. Kuntz*, 48 Mo. 71 ; *Williams v. Crow*, 84 Mo. 298 ; Greenl. Ev., sec. 277. ( 3 ) The court erred in excluding the deposition of Downing. It was too late to object to it after the trial was begun. *Delventhal v. Jones*, 53 Mo. 460 ; *State v. Dunn*, 60 Mo. 64 ; *Holman v. Bachus*, 73 Mo. 49 ; *Deliste v. McGillevary*, 24 Mo. App. 680. ( 4 ) Instructions, numbered 1, 2 and 7, asked by the defendant, should have been given. Adverse possession gives a title as complete as a deed. *Nelson v. Brodhack*, 44 Mo. 596 ; *Ridgway v. Holliday*, 59 Mo. 444 ; *Wall v. Donnell*, 80 Mo. 198 ; *Fulkerson v. Mitchell*, 82 Mo. 688 ; *Allen v. Mansfield*, 62 Mo. 688. ( 5 ) Instruction, numbered 3, asked by defendant, should have been given. *Turner v. Baker*, 64 Mo. 216 ; *Jacobs v. Moseley*, 91 Mo. 457 ; *Schad v. Sharp*, 95 Mo. 574 ; *Atchison v. Pease*, 96 Mo. 566. ( 6 ) The verdict of the jury was against the law and the evidence.

*Silver & Brown* and *R. H. Norton* for respondent.

( 1 ) The admission of the evidence of Guyon Wilson affords no ground for reversal. *First.* Neither appellant's abstract nor the transcript shows proper exceptions saved to the ruling of the trial court. *Koegel v. Givens*, 79 Mo. 79. *Second.* Admitting evidence out of its order is no ground for a reversal. *Seibert v. Allen*, 61 Mo. 482. ( 2 ) The trial court did not err in refusing to permit defendant to testify that he bought the land by the acre. The deed spoke for itself ; its language was plain and required no extrinsic evidence to aid in its interpretation. *Jones v. Shepley* 90 Mo. 308 ; *Koehring v. Meumminghoff*, 61 Mo. 403 ; *Simonds v. Beauchamp*, 1 Mo. 589. Parol evidence is not competent to show that the grantor intended to convey something different from what is expressed on the face of the deed. It is only where the language is uncertain and doubtful that resort is had to parol evidence. *Wolfe v. Dyer*, 95 Mo. 545. ( 3 ) Besides a

call for quantity in a deed must yield to description by metes and bounds. *Orrick v. Bower*, 29 Mo. 210; *Evans v. Temple*, 35 Mo. 494. (4) The trial court did not err in excluding the Downing deposition. *First.* There was no personal service of the notice to take the deposition on the plaintiff or his attorney, as required by Revised Statutes, 1879, section 2138. The notice was served on a hired man in plaintiff's employ. *Second.* The notice, according to the evidence (upon which the trial court passed) was fatally defective in not stating the style of the cause or the court in which it was pending. *Bohn v. Devlin* 28 Mo. 319. *Third.* The deposition was not entitled to be read in evidence under Revised Statutes, 1879, section 2157, because it does not appear that it comes within any of the class of cases named in that section authorizing its admission in evidence. It is true the witness stated in the deposition that he makes his home at Camden Point, and expected to be in Kansas City "in the month of September, next;" but it is not shown that either of the above places is in a different county or a distance of forty miles from the place of trial. Courts will not take judicial notice of the fact that a named place is in a certain county. *State v. Hartnett*, 75 Mo. 251. *Fourth.* It does not appear that the excluded deposition would have affected or changed the result of the trial. (5) The court properly refused defendant's instructions, numbered 1, 2 and 7, on the question of adverse possession. *Krider v. Milner*, 99 Mo. 146. (6) Instruction, numbered 3, asked by defendant, was rightly refused. When the title asserted by a grantee is the precise one he has acquired from the grantor, he cannot rely on an estoppel. *Wilcoxon v. Osborne*, 77 Mo. 621; Sedgwick on Land Trials [2 Ed.] sec. 853; 3 Washburn, Real Prop. [5 Ed.] top pp. 109, 113-4; *Cuttnell v. Hawkins*, 98 N. C. 203; R. S. 1879, sec. 3940.

BRACE, J.—This is an action in ejectment for the possession of a strip of land, sixty feet wide, on the north side of a tract of land in Lincoln county, conveyed by metes and bounds by the defendant and other heirs of his father to one James H. McGee, on the seventh of March, 1881, and afterwards on the ninth of September, 1884, conveyed by said McGee to the plaintiff. The strip is within the inclosure of the defendant ( who owns the tract on the north ) by means of a fence which is on or about the same line that it was when the conveyance was made to McGee. The plaintiff asserts that the true line of his premises acquired by virtue of said deeds is sixty feet north of said fence. This the defendant denies ; says he has been in the continuous adverse possession of the same for more than ten years before this suit was commenced, and that the line to which he claims was established by agreement as the line between the two tracts by his father, under whom the plaintiff and the grantors in the deed to McGee derived the title conveyed to, and under which, the plaintiff now claims the strip, and the owners of the tract north of it, and to which the defendant has since acquired title, and that the plaintiff is thereby estopped from denying that such line is not the true line.

The controversy is solely upon the proper location of the boundary line between plaintiff and defendant, —coterminous proprietors,—the plaintiff claiming that the proper boundary line was that surveyed by John Wilson, county surveyor of said county, recently before this suit was brought, and which ran about sixty feet north of the defendant's south fence, and the defendant claiming that the proper line was that on which his fence was located, and which was the same surveyed by John C. Downing in 1870, who was also at that time the county surveyor of said county.

If on the evidence the Wilson survey was the true line the plaintiff was entitled to a verdict, not otherwise. If on the evidence the Downing survey was the

true line, or if it was not the true line, but that line had been agreed upon and established between the grantors under whom both parties claim as the boundary line between their premises, whether the same was the true line or not, in either event the defendant was entitled to a verdict. The verdict of the jury was for the plaintiff and from the judgment rendered thereon the defendant appeals, and assigns several errors for reversal which will be noticed in their order.

I. There is nothing in the objection to the admission of the evidence of Guyon Wilson in rebuttal. The order in which evidence shall be introduced is largely within the discretion of the trial court, and its action in that behalf will not be interfered with, unless it is manifest on the merits that the party has been prejudiced, which is not the case here. Nor did the court err in refusing to require the plaintiff to testify on his cross-examination whether he bought the land by the acre. By his deed from McGee the land was conveyed to him by metes and bounds, and these bounds were the measure of his claim ; they could not be varied or changed by parol, and his answer could have thrown no light upon the issue in regard to an agreement as to the boundary line between others to which he was not a party in fact.

II. On the trial the defendant offered to read in evidence the deposition of John C. Downing, the surveyor, to which plaintiff objected. His objection was sustained, and the defendant excepted. Attached to the deposition was a proper and formal notice to take the deposition certified to have been served in the proper manner, and in time by "A. W. Fanner, Constable, per C. C. Balew, Deputy Constable.

The deposition was taken by a proper officer at the time and place stated in the notice, and was duly and properly authenticated. The objection to its admissibility was that no proper notice of the taking had been given ; to meet this the defendant showed, by the

evidence of both the plaintiff and his attorney, that the plaintiff had received a copy of the notice in time, and sent it to his attorney who also received it in time ; but owing to what he considered a fatal defect in the notice he did not attend the taking ; the defect being that in the copy received by the plaintiff the words, "In the circuit court for the county of Lincoln, state of Missouri," were omitted in the caption and style of the case ; consequently, it did not notify him in what court the cause was pending in which he was notified that the deposition would be taken ; he, however, admitted that this was the only cause then pending anywhere between him and the defendant, and his attorney admitted that this was the only cause in which he was retained by the plaintiff against the defendant.

Conceding that the notice was defective, and would have been obnoxious to a motion to suppress, no such motion was made ; but the objection is first raised after the parties had gone to trial and the plaintiff had introduced all his evidence in chief, and the defendant, his documentary evidence. The objection came too late, and ought to have been overruled. *Delventhal v. Jones*, 53 Mo. 460 ; *State ex rel. v. Dunn*, 60 Mo. 64 ; *Holman v. Bachus*, 73 Mo. 49. The deposition contained material evidence for the defendant pertinent to the issues in the case, and its rejection was prejudicial to him on the merits. For the first time in this court, the point is raised, that it did not appear that the defendant under the statute showed a right to read the deposition on account of the absence of the witness from the court. In the deposition the witness stated that his home was "at Camden Point, Missouri." The court will take judicial notice that Camden Point, Missouri, is not in Lincoln county, and this point is not well taken, even though it had been raised in the court below ; but, as it was not, the question is not before us for consideration.

III. The court refused to give the instructions asked for the plaintiff, gave four as asked for by the defendant, modified one presented by him and gave it, and refused four others. The instructions given presented fairly to the jury the law of the case, as laid down in a series of cases in this court. *Turner v. Baker*, 64 Mo. 218; *Jacobs v. Moseley*, 91 Mo. 457; *Schad v. Sharp*, 95 Mo. 574; *Atchison v. Pease*, 96 Mo. 566; *Krider v. Milner*, 99 Mo. 145; *Skinker v. Haagsma*, 98 Mo. 208.

The instructions presented the case to the jury in as favorable a manner for the defendant as the law and the evidence would warrant, and we deem it unnecessary to examine them in detail, finding no material error in the action of the court thereupon.

For the error of the court in excluding the deposition of Downing the case will be reversed, and remanded for new trial. All concur.