A. W. STEWART *et al.*, Appellants, v. LUKE M.
EMERSON, Respondent.

### St. Louis Court of Appeals, April 20, 1897.

1. **Witnesses, Limitation of Number of.** The denial by the court
to a party of the right to introduce further testimony to prove a fact
in issue in a cause, though error, where it is apparent the party had
no ulterior purpose in view in offering the testimony, is not prejudi-
cial error, in the absence of any testimony offered by the opposite
party to controvert such fact.

2. **Notary, Right of, to Act as Such, and as Attorney.** A
notary can not act in the double capacity as notary taking a deposi-
tion and as attorney for a party, before himself as such notary; and
the fact that his partner is present representing such party, the
client of the firm, as his attorney, will not mend the matter.

3. **Attorneys' Fees:** GENERAL EMPLOYMENT: INSTRUCTION. In a
suit on account for attorneys' fees, an instruction to the jury to find
a special employment for each item of the account, was prejudicial
error, where there was proof of a general employment.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F.
ROY, Judge.

REVERSED AND REMANDED.

*J. D. Hostetter, Major & Motley* and *A. W. Stewart*
for appellants.

The value of plaintiff's services was a prominent
issue. While the testimony of expert witnesses is ad-
visory, still it is competent, and it is not for the trial
court to limit the *quantum* of competent testimony, or
to say that two witnesses are sufficient. Error is pre-
sumed to be prejudicial. *Suttie v. Aloe,* 39 Mo. App.
38; *Clark v. Fairley,* 30 *Id.* 340.

Nor does the fact that such testimony was cumu-
lative justify the trial court in excluding it, or limiting

it to two witnesses. *Fenwick v. Bowling*, 50 Mo. App. 516; *State ex rel. v. Gibson*, 119 Mo. 94.

*Tapley & Fitzgerrell* for respondent.

Appellants are not in a position to object to the court's ruling excluding the testimony of attorneys Blair, Clark and Dempsey, as all the testimony introduced in the case on the question of the value of the services claimed to have been rendered by appellants was introduced by appellants themselves. *Suttie v. Aloe*, 39 Mo. App. 38, at 43; 1 Thomp. on Tr., sec. 353.

BLAND, P. J.—This suit was upon an itemized account for services rendered the defendant by plaintiffs as attorneys at law in divers lawsuits to which the defendant was a party, and for services in the taking of depositions in which he was interested. The total amount of the account was $250, reduced by credits to $185. On trial by a jury, plaintiffs recovered a verdict for $10, for which judgment was rendered. From this they duly appealed to this court.

It appears from the evidence that plaintiffs were attorneys at law, and were partners in the practice of their profession. Their testimony is to the effect, that they were employed generally by the defendant to attend to all of his law business, and that they rendered the services specified in the account sued on, and that the services were reasonably worth the amounts charged therefor. They were corroborated by several witnesses as to the value of their services, and also as to the fact of having rendered the services specified in a number of the items of the account. They offered to further prove the value of their services by Messrs. Morrow, Ball, Blair, Clark and Dempsey, as expert witnesses. The court interfered and refused to

hear any further testimony of the value of plaintiffs services, on the ground that two experts had testified to their value, and the plaintiffs themselves, making four witnesses to this one fact. To this ruling of the court plaintiffs objected and saved their exceptions. Defendant testified that he had at no time employed plaintiffs generally as his attorneys, admitted the performance of some of the services mentioned in the account, but denied a greater part of them. He further testified that he had paid Stewart money, for which no credit was given him, and that he had settled with Stewart for all that he owed Stewart and McGinnis, and paid him the balance agreed on as due the firm. One of the items in plaintiffs account was $5 for taking depositions. Stewart was the notary before whom the depositions were taken, and collected his notarial fees for taking them. McGinnis testified that he appeared before his partner, the notary, for Emerson, and represented him in the taking of the deposition. Emerson denies that he employed McGinnis for this purpose, and denied that he had anything to do with the taking of the depositions. There was no testimony introduced on the part of the defendant, denying the value of the services as testified to by plaintiffs and their expert witnesses. Appellants assign as error the refusal of the court to hear additional expert witnesses as to the value of the services sued for. There should be a limit to the number of witnesses that may be offered to prove any one controverted fact or issue involved in the trial of a case, but trial courts should be extremely cautious in the exercise of their discretion in this respect.

LIMITATION of number of witnesses.

The safer practice is to tax the party with the cost of his unnecessary supernumerary witnesses introduced on the trial, and not to deny him the benefit of their testimony, except in cases where it is clearly apparent

that the object of the party introducing the unusual and unnecessary number of witnesses is to gain time, or for some other ulterior purpose. There was no evidence offered by the respondent controverting the value of the services of appellants. Their value was proven by four witnesses, and the jury, we assume, in the absence of any contradictory evidence, estimated the value of the services as proven by the appellants, and while it was error to deny the appellants the privilege of introducing the other witnesses offered by them, yet in view of the fact that no contradictory evidence of the value of their services was offered by the opposite party, they were not prejudiced by this erroneous action of the court.

The court gave, on the part of the respondent, the following instructions, viz.:

"(5) The court instructs the jury that unless they find from the evidence in the cause that defendant employed plaintiffs, or either of them, as attorneys to represent him in each item, as mentioned in instruction number 1, your verdict must be for the defendant for such items as mentioned in instruction number 1, as you find from the evidence they or either of them were not so employed."

"(6) The court instructs the jury that if they believe from the evidence in the case that item number 3, in instruction number 1, was a charge for taking depositions before A. W. Stewart, notary public, and if you believe said depositions were taken before said Stewart as notary, then your verdict must be for defendant as to said item number 3."

The giving of these instructions is assigned as error by appellants. Stewart could not act in the double capacity as the notary taking the deposition and

RIGHT of notary to act as such and as attorney.

as the attorney for Emerson, before himself as such notary. Nor does the fact that his partner, McGinnis, as attorney for Emerson, was present representing Emerson, the client of the two, mend the matter. A transaction of this character should receive no countenance in a court of justice, and we approve instruction number 6 excluding the deposition item from the consideration of the jury.

The fifth instruction required the jury to find a special employment for each item of the account. The testimony of appellants was that they were employed generally by the respondent as his attorneys.

ATTORNEYS' fees: general employment; instruction.

If such was the fact, then it did not require a special employment for all or any of the services specified in the account. As his general attorneys, it was their privilege and duty to represent Emerson whenever it was necessary, and to his interest to do so in any suit or suits he may have had, without any special direction or instructions from him. This instruction wholly ignores the testimony of appellants, is based upon that of Emerson alone, which was contradicted by that of appellants. For this reason it is erroneous, and the error is a prejudicial and reversible one, as has been held by this and the supreme court, time and time again, in numerous decisions.

Judgment reversed and cause remanded.