St. Louis Terminal Railway Company, *Appellant*, v. Heiger.

139 315
94a 474

Division One, May 25, 1897.

1. **Condemnation Proceeding**: VALUE OF LAND IN NEIGHBORHOOD. In a condemnation proceeding by a railway company, the opinion of defendant's witnesses as to the value of the land was in part based on a recent purchase of neighboring land by unknown persons. These persons soon after conveyed to officers of the railroad and they to the company, but such facts were not known by defendant's witnesses, nor did they know what the company paid for the land, but they did know what the original purchasers paid. *Held*, that such testimony was not open to the objection that it showed what the company had paid for neighboring land for right of way purposes.

2. ————: VALUE FOR DAIRY PURPOSES. Defendant's witnesses testified that the land sought to be condemned was valuable for dairy purposes, on account of a creek which was an outlet for offal from the dairy, to which plaintiff objected because the statute makes it a crime to put any carcass, dead animal, offal or filth into a creek; but the court ruled that the testimony was proper, to which plaintiff did not object, but extensively examined the witnesses on the uses and character of the creek. *Held*, that plaintiff was not entitled to an instruction excluding all evidence from the jury that the property was valuable and suitable for dairy purposes because offal could not be thrown into the creek.

3. ————: ————: VALUE FOR GENERAL USE. Where the evidence shows that the property is of especial value for dairy purposes, it is not error to permit witnesses in estimating the market value of the property, to show its value for other purposes also.

*Appeal from St. Louis City Circuit Court.*—Hon. P. R. Flitcraft, Judge.

Affirmed.

*John H. Overall* for appellant.

(1)  The court erred in permitting respondent to show what appellant had been compelled to pay for other property in the neighborhood, under condemnation proceedings, and in refusing appellant's third instruction that "the jury can not take into consideration what may have been paid for other property in the neighborhood, by plaintiff, under condemnation proceedings for its right of way.  Mills on Eminent Domain, sec. 168; *City of Springfield v. Schmook*, 68 Mo. 394; *Railroad v. Clark*, 121 Mo. 185.  (2) The court erred in permitting respondent to show what appellant had paid for other property in the neighborhood for its right of way, and in refusing appellant's fourth instruction that "the jury can not take into consideration what may have been paid for other property in the neighborhood by appellant for its right of way." Ferris on Eminent Domain, sec. 447, and cases cited; *City of Springfield v. Schmook*, 68 Mo. 394; *Peoria Gas Light and Coke Co. v. Railroad*, 146 Ill. 372; *Kelliher v. Miller*, 97 Mass. 71; *Fall River Print Works v. Fall River*, 110 Mass. 428.  The reason for this law is apparent.  Upon grounds of public policy compromises of suits are not to be used in evidence against the party making them.  (3) The court erred in refusing appellant's fifth instruction that the jury should exclude from consideration all evidence tending to show that property in question was particularly favorable for dairy purposes because dead animals, carcasses or parts thereof, the offal or any other filth occasioned by its use for dairy purposes, could be thrown into the branch or creek running through the property and be carried away without expense to the person using the same for a dairy.  R. S. 1889, sec. 3847.  Such dumping is by law made a crime.  (4) The court erred in refusing

to permit appellant to show what was the value of the premises in question for dairy purposes, that being the use to which it was put at the time of the condemnation, and to which it had been used for twenty years prior thereto, it having also been testified to by witnesses that the property in question was more valuable for dairy purposes than for any other. *Boone Co. v. Patterson*, 98 U. S. 408; *Railroad v. Jacobs*, 110 Ill. 414; *Johnson v. Railroad*, 111 Ill. 415; *Gardner v. Brookline*, 127 Mass. 358.

*Lubke & Muench* for respondent.

(1) There is absolutely no basis for asserting that the court below permitted respondent to show what this railroad company had paid for a single parcel of ground, either by way of condemnation, or at private purchase. On the contrary, the trial judge was so zealous in excluding such evidence that he several times interfered in the examination of witnesses, even when counsel had not objected. Appellant's counsel did succeed in demonstrating that Stephensmeyer, who had purchased some of this property as dairy property, was a secret agent of the railroad; but it was made equally clear that the people who did the selling were kept in the dark as to his real motive. (2) Instruction number 5, asked by appellant, was necessarily refused, because it not only improperly comments on the evidence, and singles out a supposed fact, but furthermore comments on the alleged practice of respondent in throwing "dead animals, carcasses or parts thereof," into this "brook" of which there was no evidence whatsoever. A more misleading instruction could scarcely have been asked. (3) The last point made by appellant is without merit. It is contended that because the present use of the property in question

was partly for a dairy, balance for dwellings, blacksmith shop and vacant lots, therefore it was competent for appellant to limit the testimony of witnesses as to the value of the entire piece, as if all used for dairies only.    Every witness in the case had to admit that the chief value of the main front on Florissant avenue lay in its adaptability to business uses, and not a cowyard. To have allowed any estimate, therefore, upon the basis solely of turning the entire tract into dairies would have been misleading and illogical.    *Miss. R. Br. Co. v. Ring*, 58 Mo. 496; *Railroad v. Baker*, 102 Mo. 553; *Railroad v. McGrew*, 104 Mo. 282; *Railroad v. Porter*, 112 Mo. 361; *Webster v. Railroad*, 116 Mo. 114; *Hickman v. Kansas City*, 120 Mo. 110; *In re Forsyth Boulevard*, 127 Mo. 417.

BRACE, J.—This is a condemnation proceeding by which plaintiff seeks to appropriate a strip of defendant's ground in the city of St. Louis, fronting one hundred and ninety-four feet on Florissant avenue, two hundred and twenty-four feet on Bercher avenue and running through to Newstead avenue on which it fronts two hundred and sixty-three feet.  The tract condemned had on it a two-story brick dwelling house occupied by tenants, a blacksmith and wagonmaker's shop, as well as a large cow stable, horse stables, sheds, outhouses, wells and cisterns, used in connection with a dairy. The damages of the defendant were assessed by the commissioners at $14,040.    Exceptions to the report of the commissioners were taken by both parties, and upon a trial before a jury in the circuit court the defendant's damages were assessed at $15,300, and from the judgment thereon the plaintiff appeals.  The errors assigned are as follows:

"1.    The court erred in permitting respondent to show what appellant had been compelled to pay for

other property in the neighborhood, under condemnation proceedings, and in refusing appellant's third instruction 'that the jury can not take into consideration what may have been paid for other property in the neighborhood, by plaintiff, under condemnation proceedings, for its right of way.'

"2. The court erred in permitting respondent to show what appellant had paid for other property in the neighborhood for its right of way, and in refusing appellant's fourth instruction that 'the jury can not take into consideration what may have been paid for other property in the neighborhood by appellant for its right of way.'

"3. The court erred in refusing appellant's fifth instruction that 'the jury should exclude from consideration all evidence tending to show that the property in question was particularly favorable for dairy purposes because dead animals, carcasses or parts thereof, the offal or any other filth occasioned by its use for dairy purposes, could be thrown into the branch or creek running through the property and be carried away without expense to the person using the same for a dairy.'

"4. The court erred in refusing to permit appellant to show what was the value of the premises in question for dairy purposes, that being the use to which it was put at the time of the condemnation and to which it had been used for twenty years prior thereto, it having also been testified to by witnesses that the property in question was more valuable for dairy purposes than for any other."

I. A careful examination of the record fails to disclose that the court *did* in fact permit the respondent to show "what appellant had been compelled to pay for other property in the neighborhood *under*

*condemnation proceedings"* and the first assignment of error has nothing to rest upon.

The court *did* permit the respondent to give in evidence the opinion of experts as to the value of the property sought to be condemned, based in part upon recent sales of other property in the neighborhood, among which was one place called the Fehert property, which was sold for the sum of $4,000 to one Herbkesman and by him to one Stephensmeyer, the title to which at the time of the trial was in Rainwater and McLure, officers of the appellant corporation. The evidence does not show what the latter paid for the property. Though the opinion was based upon the amount paid by Herbkesman, the evidence fails to show that the property was in fact bought by him for the railroad, or that the vendor knew for what purpose it was being bought. We fail to see in this action of the court anything inconsistent with the principles laid down in *Springfield v. Schmook*, 68 Mo. 394, and find it entirely in harmony with the views of this court as expressed in *Railroad v. Clark*, 121 Mo. *loc. cit.* 185. The facts of the case do not bring it within the rule laid down by the Supreme Court of Illinois in *Peoria Gas Light Co. v. Railroad*, 146 Ill. 372, or any of the other cases cited in support of this contention, so that rule need not be discussed. The second error is not well assigned.

III.    In the course of the cross-examination by counsel for appellant of one of respondent's witnesses, the witness said that the property was particularly valuable for dairy purposes, principally on account of the creek being right there, which was a natural outlet for the offal from the dairy. After this evidence had been thus elicited, counsel for respondent said: "I object to the consideration of offal going into the stream; we

have a statute on that point." To which the court replied: "He gives that as one of his reasons; if you can show to the contrary you can do so." To which ruling of the court counsel made no objection and took no exception, but proceeded to an exhaustive examination of the witness in regard to the stream—its character, relation to the property, and the uses to which it could be put—all of which was the proper subject of argument upon the question of their effect upon the value of the property. But of course the appellant had no right to have these physical facts excluded from the consideration of the jury, or have an argument made for it thereon, by an instruction from the court, such as was asked by its fifth instruction, and the court committed no error in refusing that instruction.

IV. While there was evidence tending to show that the property was principally valuable for dairy purposes, it was also shown that it was subject to, and susceptible of other uses, and valuable for other purposes, and we do not think the court erred in refusing to limit its valuation to the value for dairy purposes only. The court did not refuse to allow appellant to show that it was valuable principally for that purpose by witnesses cognizant of its value for that purpose, but in making their estimate of the market value of the premises, required the general value of the property to be shown for that or any other purpose, and in this committed no error. Finding none of the errors well assigned, the judgment of the circuit court is affirmed. All concur.