GEORGE CHILTON, RESPONDENT, v. L. D. RALLS, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed July 17, 1926.

1.—**Physicians and Surgeons—Negligence of Physician Held for Jury.** Physician's negligence in treating broken leg held for jury.

2.—**Appeal and Error—Appellate Practice.** Jury's finding on conflicting evidence as to physician's negligence in setting and treating broken leg is binding on appellate court, as such court cannot weight testimony.

3.—**Depositions—Motion to Suppress—Right to Suppress Held Waived.** Defendant announcing ready for trial and proceeding without asking court to pass on motion, filed at prior term to suppress deposition, waived right to have it suppressed.

4.—**Evidence—Malpractice Suit—Evidence Held Properly Admitted.** Physician's deposition, identifying X-ray film taken by him, held properly admitted in malpractice suit.

5.—**Physicians and Surgeons—Liability for Negligence—Pain and Suffering.** In action for malpractice, physician is not liable for pain and suffering resulting from the original injury, but only for such additional pain and suffering as may have resulted from his negligence.

6.—**Trial—Malpractice Suit.—Instruction Held Not Error.** Instruction to find for plaintiff in malpractice suit in sum which will justly compensate him for pain and suffering held not error, as including pain and suffering growing out of the original injury, in view of instruction not to consider such suffering.

7.—**Trial.** Instructions on measure of damages must be considered together.
8.—**Appeal and Error—Appellate Practice.** Appellate court must assume that jury considered instructions on measure of damages together.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 772, n. 77; p. 858, n. 3; Depositions, 18CJ, p. 763, n. 30 New; Evidence, 22CJ, p. 916, n. 56, 57; Physicians and Surgeons, 30Cyc, p. 1588, n. 85; p. 1590, n. 2; Trial, 38 Cyc, p. 1778, n. 73; p. 1786, n. 96.

Appeal from the Circuit Court of Reynolds County.—Hon. E. M. Dearing, Judge.

AFFIRMED.

*John R. Johnson* and *John A. Chitwood* for appellant.

(1) There was not sufficient evidence offered on the part of respondent to support the verdict, and the court should have given appellant's instruction in the nature of a demurrer at the close of respondent's case, and then again at the close of the whole case. Riger v. Lumber Co., 210 Mo. App. 301, 236 S. W. 689; Connelly v. Cone, 205 Mo. App. 395, 224 S. W. 1011; Fowler v. Burris, 186 Mo.

App. 347; 171 S. W. 620. (2) No notice to take depositions was served on appellant. The pretended notice was served by posting in the office of the circuit clerk; that service, or posting, was not done by any officer authorized to execute process, but by a private person and the return was not sworn to. Appellant's motion to suppress the deposition should have been sustained, because no notice of its taking had been served on appellant. Secs. 5448, 5449, 5451, R. S. 1919. (3) The X-Ray photographs, respondent's exhibits A and B, should not have been admitted in evidence. They were not attached to the pretended deposition as exhibits, and were not identified as the ones taken and showing the true condition of respondent's leg at the time of the taking. Sec. 5456, R. S. 1919; Geer v. Lumber Co., 134 Mo. 85. (4) Respondent's instruction number 1 authorized the jury in returning its verdict for such sum as would compensate him for his pain and suffering, for monies necessarily expended in securing proper treatment and for loss of time. This instruction is too broad. The elements of damages mentioned in it include pain and suffering sustained by respondent growing out of the original injury for which appellant was not liable, and it should not have been given. Fowler v. Burris, 186 Mo. App. 347, 171 S. W. 620; Hill v. Jackson, 265 S. W. 859; McDonald v. Crider, 272 S. W. 980. (5) It was incumbent on respondent to show, either that appellant was unskillful, or that he was negligent in reducing the fracture, or that he was negligent in the treatment of the injury after the broken bones had been reduced. No unskillfulness was shown and no negligence was shown in reducing the fracture, therefore, appellant's instruction number 10 should have been given. Connelly v. Cone, 205 Mo. App. 395; 224 S. W. 1011.

*John H. Keith* and *O. L. Munger* for respondent.

(1) There was abundant evidence to support the verdict and finding of the jury, and this court will not interfert therewith. This is elementary and needs no citation of authorities. (2) Proper notice was given of the taking of the deposition of Dr. J. W. McPheeters. The requirement of the statute was fully met. Defendant's objections to same came too late. Holman v. Bachus, 73 Mo. 49; Bell v. Jamison, 102 Mo. 71; State ex rel. v. Dunn, 60 Mo. 64; Hoyberg v. Henske, 153 Mo. 72; Deane Steam Pump Co. v. Green, 31 Mo. App. 269. (3) Plaintiff's Exhibits A and B were properly identified and were legally admitted in evidence. The court did not err in the admission of the deposition of the witness, Dr. McPheeters, plaintiff, or the witness, J. H. Keith. Defendant made no proper objections to such testimony had it not been admissible. An X-ray photograph is the only means of showing the internal condition of

any portion of the human body. 22 Corpus Juris, 916; Dean v. Wabash R. Co., 229 Mo. 425; See cases cited under foot note 57, 22 C. J. 916 and 917, from most all the States; Bruce v. Beall, 99 Tenn. 303. (4) Respondent's instruction No. 1 was proper and included proper elements of damages. It included as an element of damages, pain and suffering growing out of the careless, negligent and unskillful treatment of plaintiff by defendant. It was strengthened by instructions 2 and 3, which are not objected to by appellant. Wheeler v. Bowles, 163 Mo. 398, and cases cited; 30 Cyc. 1590; Brooks v. Brooks, 186 S. W. 1105; Wojciechowski v. Coryell, 217 S. W. 638; Carpenter v. McDavid and Cottingham, 53 Mo. App. 393. (5) Upon the whole record in this case the issues were fairly submitted to the jury and their verdict will be upheld. Wheeler v. Bowles, supra, and authorities cited under paragraph 5.

COX, P. J.—Defendant is a practicing physician and attended plaintiff in the setting and treatment of a broken leg. This action is for damages alleged to have resulted from defendant's negligence in setting the bones and the treatment that followed. Plaintiff recovered a judgment for $1000 and defendant appealed.

The first error assigned is that the court should have sustained a demurrer to plaintiff's testimony. The evidence for plaintiff, as far as necessary to set out, tended to show the following facts: The leg was broken September 13, 1923, about 7 p. m. Defendant was called and arrived at about 9 p. m. He examined the leg, then made a box splint and put the leg in it. The box extended from the knee down to the footboard. Plaintiff testified that the doctor pulled his leg and had his brother hold the foot while he placed the splints on it. After about seventeen days the box splint was removed and the leg put in a plaster of Paris cast. There was a lump on the leg caused by the bones not being in apposition. The doctor's attention was called to that and every time defendant looked at the leg he told plaintiff the knot would go away. The plaster cast remained on the leg for six or seven weeks and the doctor did not visit plaintiff during that time. Plaintiff then went to the doctor's office and he cut the cast down the sides thus cutting it into two pieces which could be removed and then replaced. The knot remained there and the doctor always told plaintiff it would go away. This knot developed a sore on the leg caused by the end of the bone pressing against the plaster of Paris cast. No treatment was ever given this sore. When the plaster of Paris cast was first removed after having been on for six or seven weeks, the bones had not united, or at least plaintiff testified that the leg seemed to move about and he did not think it was grown together at the place where it was broken. Defendant continued to visit plaintiff occasionally until sometime in January,

1924, when he moved to the State of Illinois. Plaintiff states that the doctor told him in January, 1924, that the leg was getting along all right. The knot or lump on the leg was still there. It was about as large as the end of his thumb and was there all the time defendant treated him except when they were pulling on his leg. About a month after defendant went away, plaintiff went to Poplar Bluff and had an X-ray examination of the leg made and also a film from which a photograph was afterwards made. He then went to St. Louis to a sanitarium where it was found that the bones had not properly united. The ends of the bones were scraped and the bones re-set and plaintiff testified that the bones then appeared the same as shown in the photograph which was offered in the evidence. Some six or seven months later plaintiff seems to have recovered. There was evidence on part of plaintiff tending to show that defendant did not properly attend the plaintiff and that defendant must have known all 'the while that the bones were not in apposition and were not united and that he did nothing to try to change the situation, but constantly informed the plaintiff that his leg was getting along all right and that the knot would finally go away, a thing he ought to have known would be impossible without a readjustment of the bones in such a way as to place the ends in apposition. We think the plaintiff's evidence was sufficient to take the case to the jury. Defendant's testimony was to the effect that the treatment of the leg was according to approved methods and done in a careful manner but we cannot weigh testimony. The finding of the jury binds us on that question.

The plaintiff offered in evidence the X-ray film which had been taken by Dr. McPheeters at Poplar Bluff. On objection of defendant this was excluded because not identified and because not shown to have been taken by a competent X-ray photographer. The deposition of Dr. McPheeters who had made the X-ray examination and prepared the film was then offered by plaintiff to show his qualification to handle an X-ray machine and to identify the film offered as the one he had made from the examination of plaintiff's leg by the X-ray machine. A motion to suppress this deposition on the ground that notice of its taking had not been given had been filed at a prior term of court but had not been acted upon. When this deposition was offered in evidence, counsel for defendant then called up his motion to suppress and asked that the court then sustain said motion and suppress the deposition. The court heard some evidence on the motion and then overruled it. That action of the court is assigned as error. Whether the court was right in overruling the motion to suppress on the evidence offered in support of the motion, we need not decide for it is clear to us that defendant had waived his right to have the deposition suppressed. As heretofore stated the motion to

suppress had been filed at a prior term and no action taken upon it. When the case was called for trial at the next term after the motion had been filed, the defendant announced ready for trial and the case went to trial and proceeded until plaintiff offered this deposition in evidence and then for the first time defendant called up his motion to supress the deposition. It was his motion and if he wanted the court to act upon it, he should have called it up and had the court pass upon it before the trial began. By announcing ready for trial and proceeding without asking the court to pass upon the motion, he waived his right to have the deposition suppressed and regardless of the evidence offered in support of the motion the court was right in overruling it. [State ex rel. v. Dunn, 60 Mo. 64; Holman v. Bachus, 73 Mo. 49; Bell v. Jamison, 102 Mo. 71, 14 S. W. 714; Hoyberg v. Henske, 153 Mo. 63, 72, 55 S. W. 83; Hutchins v. Wagoner, 274 S. W. 105.]

The deposition of Dr. McPheeters was then read in evidence and it, with the testimony of other witnesses, identified the X-ray film and it was properly admitted in evidence. The photograph as taken from the film by a photographer was then offered and admitted without objection.

Plaintiff's instruction No. 1 is assailed on the ground that it includes as an element of damages pain and suffering sustained by respondent growing out of the original injury for which defendant was not liable. The defendant would not be liable for pain and suffering resulting from the original injury but only for such additional pain and suffering, if any, as may have resulted from his negligence. The part of the instruction to which objection is made is as follows: ". . . and that the defendant negligently, carelessly and unskillfully treated and managed said injury so that the broken bones were not set and placed and caused to remain in their proper position and by reason of said careless, negligent and unskillful treatment, plaintiff was made sick and endured great pain and suffering . . . then you will find the issues for the plaintiff in whatever sum you may believe and find from the evidence will justly compensate plaintiff for his pain and suffering. . . ." The portions omitted apply to other elements of damage to which no objection is made. This instruction could have been made a little more clear by specifically restricting the jury to a consideration of any additional pain and suffering, if any, caused by defendant's negligence over and above what he would otherwise have suffered, but in this case an instruction was given on behalf of defendant which, construed in connection with this one for plaintiff, placed the matter fairly before the jury. That instruction is as follows:

"The court instructs the jury that the injury which the plaintiff originally received to his leg, was not caused by the fault of the de-

fendant, therefore, the pain and suffering resulting therefrom should not be considered by the jury; you are warranted only in considering the additional .pain and suffering, if any, which plaintiff sustained by reason of defendant's failure, if any, to exercise reasonable care and diligence in the treatment of the injury.''

When these two instructions are construed together as they must be and as we must assume they were considered by the jury, no reversible error is found.

On the whole, we think the case fairly tried and the judgment will be affirmed. *Bradley,* and *Bailey, JJ.,* concur.